[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Elizabeth Nye, brought a two count complaint against the defendant. The first count was for breach of contract and that she claimed that she retained the defendant, Sound Home Inspection, to do an inspection of property known as 86 Bank Street, New London, Connecticut. The plaintiff claims that she required the inspection before arranging to purchase the building so that she could satisfy herself that the building was in satisfactory condition to be purchased. She claims that the defendant failed to report structural damage to the building which was later discovered after she purchased the property when extensive renovations to the building were begun. The plaintiff claims that she has incurred damages as a result of breach of contract and negligence by Sound Home Inspections, Inc.
The defendant, by way of special defense, denied there was privity of contract between the parties and furthermore that if there was a contract, the defendant denies that it was negligent as it met the standard of care required in the home inspection industry.
Regarding the breach of contract claim, the plaintiff claims that she retained the services of the defendant to inspect the property. The defendant denied this saying that he never spoke to the plaintiff regarding the property and testified that all of his dealings were with a Steven Percy.
The court finds that with respect to the claim of a contract, Percy was the agent of the plaintiff and by way of exhibits (Plaintiff's Exhibit No. 3) showed that the inspection report from the defendant was sent to Elizabeth Nye do Steven Percy and the bill for the inspection was also sent to Elizabeth Nye do Steven Percy. The court, therefore, finds that there was a valid contract between the parties.
Regarding the claim of negligence, the defendant produced evidence concerning the standard of care required of a home inspection. The name of the document was The Standards of Practice and Code of Ethics of the American Society of Home Inspectors, Inc. which establishes standards of care of home inspectors (Defendant's Exhibit No. 1). Section 3.2 B.8 of this document states that inspectors are not required to "disturb insulation, move personal items, furniture, equipment, plant life, soil, snow, ice or debris which obstructs access or visibility."
In each instance of negligence claimed by the plaintiff, the defendant either made reference to the subject defect in his report or the subject damage was hidden in such a way as to be beyond the scope of the standard of care in the home inspection industry. CT Page 7631
From the testimony of the plaintiff, it was clear that the structural damage to the building was not discovered until a tenant had removed a load-bearing wall that caused the second floor to collapse. Once the coverings were removed as part of the repair of the collapsed floor and renovation of the building, certain damage that could not possibly have been seen prior to that point was revealed. There was a claim of fire damage under the ceiling of the first floor which should have been detected by the defendant in its inspection according to the plaintiff.
There was testimony by Mr. Morgan, the inspector for Sound Home Inspections, Inc. that the ceiling was covered by a suspended ceiling and at the time of the inspection, a liquor store was in operation on the first floor. This situation made it impossible for the inspector to observe the fire damage without disturbing the ceiling tiles of the first floor and disrupting the liquor store business that was in operation.
Detection of this fire damage so situated above the ceiling was beyond the standard of care as established by the American Society of Home Inspectors, Inc., The Standards of Practice and Code of Ethics of the American Society of Home Inspectors, Inc. as already mentioned in defendant's exhibit 1. Clearly, according to this document, any sort of destructive testing or disruption of property not owned by the party requesting the inspection would not be permissible. To expect the owner of the building to allow such destructive testing or disruption of materials is unreasonable and beyond the scope of what should be inspected in a building inspection.
The plaintiff goes on to claim that rotted beams and posts in the basement and separation of the masonry furnace room from the basement floor should have been discovered by Sound Home Inspections, Inc. The testimony revealed that the basement was full of boxes and bottles and other debris from accumulated storage. The area was used by the liquor store operating above as a place to keep return bottles and other materials associated with the store. Again, the standards of practice indicates that the inspectors are not required to disturb insulation, move personal items, furniture, equipment and so on or debris which obstructs access to visibility.
The defendant would have been required to report any visible damage in the basement, but would not have been required to remove debris to locate such damage.
The plaintiff mentions other areas, such as separation of masonry joining the rear addition to the main building that should have been discovered by the defendant. In fact, this damage was described in defendant's inspection report, dated December 23, 1989, on page 3 of the CT Page 7632 report "the left exterior wall of the building particularly the rear left portion is constructed of brinks and mortar. The mortar is loose between the bricks and need to be raked out and repointed by a qualified mason" (Defendant's Exhibit 3). Accordingly, the court finds that the defendant did comply with the requisite standard of care in that items he did not could not have been discovered unless he engaged in destructive testing which is beyond the standard permitted or required for home building inspections.
Accordingly, the court renders judgment for the defendant.
D. Michael Hurley, Judge Trial Referee